**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JONES,<br><br>            Plaintiff,<br><br>    v.<br><br>R.J. GONZALES, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:04-cv-05742-LJO-SKO PC<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE<br><br>ORDER TO SHOW CAUSE HEARING JANUARY 20, 2011 AT 9:00 A.M. IN COURTROOM 4   MANDATORY PERSONAL APPEARANCES BY COUNSEL   (LJO) |

Plaintiff Charles Jones ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. The Court received an improper notice of substitution of attorneys for Defendants A.K. Scribner, D. Sheppard-Brooks and Chris Terle. (Doc. #141.) The Court also received an improper stipulation for voluntary dismissal from the parties. (Doc. #142.) Based on these defective filings, this order to show cause now issues.

**I.    Background**

On December 2, 2010, the Court ordered the parties to show cause why sanctions should not be issued for their failure to file a timely joint pretrial statement. (Doc. #134.)

On December 3, 2010, Plaintiff informed the Court that settlement had been reached in this case. (Doc. #135.) In light of the notice of settlement, the Court discharged the order to show cause and ordered the parties to file appropriate papers to dismiss or conclude this action by December 23, 2010. (Doc. #136.)

On December 23, 2010, the Court received a stipulation of dismissal from the parties. (Doc. #137.) The Court disregarded the stipulation because 1) the stipulation was not signed by any of the

parties, 2) the attorneys purporting to sign on behalf of Defendants "CDCR" and "PIA, Defendants Gonzales, Valdez, Terle and Mendoza" were not the attorneys of record in this action[1], and 3) there was no signature from any attorney purporting to represent Defendant A.K. Scribner or Defendant D. Sheppard-Brooks. The Court ordered the parties to re-submit a proper stipulation within fourteen days.

On January 7, 2011, the Court received a notice of substitution of attorneys informing the Court that Defendants Valdez, Gonzales, and Mendoza would be represented by Jeffrey A. Sly and Debra A. Ichimura. (Doc. #139.) The Court approved the substitution of attorney on January 11, 2010. (Doc. #140.)

On January 13, 2011, the Court received a document filed by attorney Kenneth Williams. (Doc. #141.) The document appears to be a copy of the same notice of substitution of attorneys filed on January 7, 2011 regarding counsel representing Defendants Ed Valdez, Robert Gonzales, and Jesse Mendoza. The document is not signed by anyone other than Kenneth R. Williams. However, the docket entry for the filing is titled "ASSOCIATION of ATTORNEY: Added attorney Kaye Christine Bassett for A. K. Scribner,Kaye[sic] Christine Bassett for D. Sheppard-Brooks,Kaye[sic] Christine Bassett for Chris Terle." The document itself contains no reference to Kay Christine Bassett, A.K. Scribner, D. Sheppard-Brooks, or Chris Terle.

On January 13, 2011, the Court also received a stipulation for voluntary dismissal. The stipulation is not signed by any parties. The stipulation is signed by William L. Schmidt, Kaye C. Bassett ("Attorney for CDCR Defendants Scribner, Sheppard, and Terle"), and Jeffery A. Sly.

**II.     Discussion**

    **A.     Improper Notice of Substitution of Counsel**

The January 13, 2011 notice of substitution is labeled on the docket as a notice substituting Kaye C. Bassett as attorney for Defendants Scribner, Sheppard-Brooks, and Terle. However, the document itself contains no reference to Kaye Christine Bassett, A.K. Scribner, D. Sheppard-Brooks, or Chris Terle. The document appears to be a copy of the previous notice of substitution filed with

---

[1] Neither CDCR nor PIA is a party to this lawsuit.

2

respect to the attorneys representing Defendants Valdez, Gonzales, and Mendoza.  Since the Court already approved that substitution, the January 13, 2011 notice will be disregarded.

Kaye C. Bassett is not the attorney of record for Defendants Scribner, D. Sheppard-Brooks, or Chris Terle.  The attorneys from the California Office of the Attorney General remain attorneys of record for Defendants Scribner, D. Sheppard-Brooks, and Chris Terle.

**B.     Improper Stipulation for Voluntary Dismissal**

On January 13, 2011, the Court received a stipulation for voluntary dismissal. (Doc. #142.) The stipulation is not signed by any of the parties to this action.  The stipulation is signed by William L. Schmidt, attorney of record for Plaintiff Charles Jones, Kaye C. Bassett, attorney of record for no one in this action, and Jeffrey A. Sly, attorney of record for Defendants Gonzales, Valdez, and Mendoza.

It is the Court's understanding that the parties to this action are Plaintiff Charles Jones and Defendants Scribner, Sheppard-Brooks, Terle, Gonzales, Valdez, and Mendoza. William L. Schmidt and Jeffrey A. Sly are not parties to this action.  They are attorneys representing the parties to this action.  Kaye C. Bassett is neither a party to this action nor an attorney of record for any party in this action.

Accordingly, when the Court disregarded the previous stipulation for dismissal and noted that "[t]he stipulation filed by Plaintiff is not signed by any of the parties," (Order Disregarding Stipulation 1:21-23, ECF No. 138) the Court was acknowledging that the December 23, 2010 stipulation was not signed by Plaintiff Jones or Defendants Scribner, Sheppard-Brooks, Terle, Gonzales, Valdez, or Mendoza.  When the Court ordered the parties to "file a proper stipulation" that "must be **signed by all parties**," (Order Disregarding Stipulation 2:1-3, ECF No. 138) the expectation was that the Court would receive a stipulation signed by Plaintiff Jones and Defendants Scribner, Sheppard-Brooks, Terle, Gonzales, Valdez, and Mendoza.

The Court received a stipulation that was not signed by any parties to this action. Accordingly, the parties have failed to comply with the December 27, 2010 order and the Federal Rules of Civil Procedure. See Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (requiring "stipulation of dismissal signed by all parties who have appeared") (emphasis added).

3

### III.    Conclusion and Order

Based on the repeated recalcitrance of the parties, the Court HEREBY ORDERS that:

1. The parties are ordered to SHOW CAUSE why sanctions should not be issued for their total disregard of this Court's orders and the Federal Rules of Civil Procedure;

2. All attorneys of record in this case and all attorneys who believe they are or will be attorneys of record in this case are ordered to appear in person for a show cause hearing on Thursday, January 20, 2011 at 9:00 a.m. in Courtroom 4 (LJO).  All attorneys shall file a declaration explaining why they ignored the orders of this Court and the Federal Rules of Civil Procedure by 12:00 p.m. on January 19, 2011.

3. Failure to comply with this order will result in severe sanctions.

IT IS SO ORDERED.

Dated:   **January 14, 2011**                          /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE